Per Curiam.

In the petition it is alleged ‘ ‘ that * * * Trumbull, has entered into a relationship with * * * Wayne, whereby Wayne has acted as a branch office of the Trumbull Savings & Loan Company, doing all of those things that a licensed and authorized branch office would do for and in behalf of the home office of a building and loan company,” and that Trumbull and Wayne are abusing their franchises in maintaining and continuing that relationship.
In the answer of Wayne, it is affirmatively alleged “that the relationship now existing between * * * Wayne * * * and * * * Trumbull * * * has existed since * * * 1928; that said relationship has not been questioned for more than 20 years and that the statute of limitations prevents the Attorney General from proceeding in this action.”
Substantially the same allegations are contained in the answer of Trumbull.
In the reply, relator “admits that the relationship between * * * Trumbull * * * and # * Wayne * * * has existed since * * * *86 1928” and “has not been questioned for more than 20 years” but denies that the proceeding is barred by the statute of limitations.
So far as pertinent, Section 2733.35, Revised Code, reads:
“No action in quo warranto shall be brought against a corporation for the exercise of a power or franchise under its charter, which it has used and exercised for a term of 20 years.”
In our opinion, no reasonable construction of those statu-: tory words would enable an escape from the conclusion that the relationship between Wayne and Trumbull, which is claimed to represent the exercise of powers and franchises which neither corporation has, cannot be attacked after its continuous and admitted exercise for over 20 years.
This conclusion is supported by our decisions in State v. Granville Alexandrian Society (1841), 11 Ohio, 1, and State v. Miami Exporting Co. (1841), 11 Ohio, 126.
In the court’s opinion by Hitchcock, J., in the Granville case, at page 19 et seq., it is stated:
‘ ‘ The whole plea must be taken together, and if, taking the whole together, it shows that the defendants have, for the term of 20 years and more, used the franchise of banking, as that franchise is ordinarily used by banks, upon which it is expressly conferred, it is sufficient. This franchise is exercised, not by the performance of a single act, but of a variety of acts, which, taken together, constitute the business of banking.
I 6 # * #
“From a most careful examination, we are brought to the conclusion that this plea is well pleaded, and that it is sufficient, in law, to bar the prosecution. ’ ’
In the Miami Exporting case, it is said in the opinion by Lane, C. J., at page 127 :
“The act relating to quo warranto declares no proceeding shall be had to question the authority for exercising franchises which have been exercised more than 20 years, provided such proceedings shall not be barred if instituted within two years from the passage of the act.
“The defendant relies, in this plea, upon the prescriptive right of 20 years. The prosecutor, instead of either denying the exercise of the franchise for this period of time, or of bring *87 ing himself within the two years’ proviso, gives no other answer, except to repeat the averment that the defendant has done those things which he claims a right to do under his plea.”
The case of Ohio, ex rel., v. Railway Co. (1895), 53 Ohio St., 189, 41 N. E., 205, holds merely that the foregoing-quoted limitation-of-action provisions with respect to quo warranto proceedings would not in effect give a private company a prescriptive right to nse state lands. Unlike the Granville and Miami Exporting cases and this case, the exercise of corporate powers and franchises were not involved.
It is undoubtedly true as pointed out in Heddleston, Supervisor, v. Hendricks (1895), 52 Ohio St., 460, 465, 40 N. E., 408, that the general rule is that the statute of limitations does not apply as a bar to the rights of the public unless it expressly provides that it shall so operate. In the instant case, the applicable statute of limitations does so expressly provide.

Writ denied.

Taft, C. J., Zimmerman, O’Neill, Brown and Herbert, JJ., concur.
Matthias, J., not participating.
Brown, J., of the Fourth Appellate District, sitting by designation in the place and stead of Griffith, J.